United States v. Sousa, et al.                                                                                                       Doc. 7

Case 1:05-cv-00900-OWW-DLB   Document 7   Filed 07/15/2005   Page 1 of 13

1  McGREGOR W. SCOTT
   United States Attorney
2  KIRK E. SHERRIFF
   Asst. United States Attorney
3  Federal Building, Rm. 3654
   1130 "O" Street
4  Fresno, CA 93721
   Telephone: (559) 498-7272
5
   Attorneys for Plaintiff
6  United States of America

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10 UNITED STATES OF AMERICA,    )   Case No. 1:05-CV-00900 OWW DLB
                                )
11            Plaintiff,        )   CONSENT DECREE OF PERMANENT
                                )   INJUNCTION
12       v.                     )
                                )
13 CARL M. SOUSA and WHITE RIVER)
   DAIRY, a California company, )
14                              )
              Defendants.       )
15 _____)

16

17      Plaintiff, the United States of America, by its undersigned

18 attorneys, having filed a Complaint for Injunction against

19 Defendants Carl M. Sousa and White River Dairy, a California

20 company, and Defendants having appeared and consented to the

21 entry of this Consent Decree of Permanent Injunction (the

22 "Decree"), without contest and before any testimony has been

23 taken, and the United States of America having consented to this

24 Decree;

25      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26      I.   This Court has jurisdiction over the subject matter and

27 over all parties to this action.

28      II.  The Complaint for Injunction states a cause of action

against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. (the "Act").

   III.   Defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them who have received notice of this Decree, are hereby permanently restrained and enjoined, under the provisions of 21 U.S.C. § 332(a), and the inherent equity authority of this Court, from directly or indirectly introducing or causing to be introduced into interstate commerce, and delivering or causing to be delivered for introduction into interstate commerce, any article of food within the meaning of 21 U.S.C. § 321(f), and administering to animals any new animal drug, within the meaning of 21 U.S.C. § 321(v), while such drug is held for sale after shipment in interstate commerce, unless and until:

   A.   Defendants have established and implemented a system ensuring that each of the animals that they acquire, purchase, hold, transport, sell, or consign is individually and permanently identified, by tag number;

   B.   Defendants have established and implemented a written record-keeping system that prevents them from selling, consigning, or distributing any animals with illegal new animal drug residues. This system shall include, but not necessarily be limited to, the keeping of written records on every animal to which Defendants administer drugs. These records shall include, at minimum: (1) the identity of each animal that Defendants medicate; (2) the date of each

|   |   |   |
|---|---|---|
| 1 |    | administration of medication to each animal; (3) the |
| 2 |    | identity of each drug used; (4) the dosage of each drug |
| 3 |    | used; (5) the route of administration of each drug |
| 4 |    | used; (6) the lawful written order of a licensed |
| 5 |    | veterinarian within the context of a veterinarian- |
| 6 |    | client-patient relationship for each drug used; (7) the |
| 7 |    | name of the person administering each drug; (8) the |
| 8 |    | proper withdrawal period for each drug used; (9) the |
| 9 |    | date such withdrawal period will terminate for each |
| 10 |    | drug used; (10) the date each medicated animal is |
| 11 |    | shipped for slaughter or leaves Defendants' control; |
| 12 |    | and (11) the name and address of the purchaser, |
| 13 |    | receiver, or consignee of each medicated animal that is |
| 14 |    | shipped for slaughter or leaves Defendants' control; |
| 15 | C. | Defendants have established and implemented a system |
| 16 |    | ensuring that their use of new animal drugs conforms to |
| 17 |    | the use approved by the United States Food and Drug |
| 18 |    | Administration ("FDA") as contained in the drug's |
| 19 |    | approved labeling or to the lawful written orders of a |
| 20 |    | licensed veterinarian, so long as those orders do not |
| 21 |    | result in illegal residues.  This system shall include, |
| 22 |    | but not be limited to, measures to ensure that the |
| 23 |    | following will not occur: (1) administration of drugs |
| 24 |    | in excess of the approved dosage, unless such |
| 25 |    | administration is in accordance with the lawful written |
| 26 |    | orders of a licensed veterinarian within the context of |
| 27 |    | a valid veterinarian-client-patient relationship and is |
| 28 |    | in compliance with 21 C.F.R. Part 530; (2) sale for |

1  slaughter of medicated animals before the expiration of
2  the relevant withdrawal period; and (3) use in
3  Defendants' animals of drugs not approved for use in
4  that species or not approved for the disease or other
5  condition for which the animal is being treated, unless
6  such use is in accordance with the lawful written
7  orders of a licensed veterinarian within the context of
8  a valid veterinarian-client-patient relationship and is
9  in compliance with 21 C.F.R. Part 530;

D. Defendants have established and implemented a drug inventory and accountability system that prevents them from selling, consigning, or delivering any animals with illegal new animal drug residues.  This system shall include a written record for each drug that Defendants purchase or receive for use in medicating any of their animals, which record shall include, but not be limited to: (1) the name of the drug; (2) the date of purchase or receipt of the drug; (3) the quantity, strength, and form of the drug purchased or received; (4) the name and address of the supplier or seller of the drug; (5) the date each drug is administered; and (6) the amount and method of each administration.  In addition, the inventory and accountability system shall include periodic checks of inventory and records to ensure that records accurately document the drugs currently on hand and the disposition of all drugs purchased or received, including whether the drugs have been administered;

1   E.   Defendants have established and implemented a
2        quarantine or segregation system that ensures ready
3        distinction between medicated and unmedicated animals
4        and that prevents Defendants from selling, consigning,
5        or delivering for slaughter for use as food any animals
6        with above tolerance new animal drug residues;
7   F.   Defendants have established and implemented a system
8        that ensures that each animal that has been medicated
9        is not directly or indirectly sold, consigned, or
10       delivered for immediate or ultimate slaughter until the
11       withdrawal period (specified either in the approved
12       labeling or the lawful written orders of a licensed
13       veterinarian, for each drug used on such animal) has
14       expired.  This system shall also ensure that each
15       purchaser, receiver, or consignee receives, prior to
16       accepting any animal, a written statement from
17       Defendants certifying that any animal that has been
18       medicated has also been withdrawn for the appropriate
19       time period or that the animal has not been medicated.
20       This written statement must also include the date(s) on
21       which the animal was medicated, each drug with which
22       the animal was treated, the required withdrawal period
23       for each drug, and the date(s) on which the withdrawal
24       period(s) expired.  Defendants shall, prior to selling
25       any animal, obtain the signature of the purchaser,
26       receiver, or consignee documenting receipt of the
27       statement from Defendants.  Defendants shall keep, as
28       part of their records, a copy of the signed written

|   |   |   |
|---|---|---|
| 1 |    | statement described in this paragraph; |
| 2 | G. | Defendants have established and implemented a system |
| 3 |    | that identifies the source of each animal that they |
| 4 |    | purchase or transport and documents whether such animal |
| 5 |    | has been medicated, the date of such medication, the |
| 6 |    | drug used, and the withdrawal period for such drug; |
| 7 | H. | Defendants have reported to FDA in writing the steps |
| 8 |    | they have taken to comply with paragraphs III(A)-(G); |
| 9 | I. | Within twenty (20) calendar days after receiving the |
| 10 |   | written report required in paragraph III(H), or as soon |
| 11 |   | as reasonably practicable, FDA representatives shall |
| 12 |   | inspect Defendants' operations, including all records |
| 13 |   | relating to the medication, purchase, sale, |
| 14 |   | consignment, and distribution of food-producing |
| 15 |   | animals; and |
| 16 | J. | FDA has notified Defendants, in writing, that they |
| 17 |   | appear to be in compliance with the requirements of |
| 18 |   | paragraphs III(A)-(H) of this Decree.  FDA shall notify |
| 19 |   | Defendants regarding its compliance status within |
| 20 |   | thirty (30) calendar days after completion of its |
| 21 |   | inspection identified in paragraph III(I) of this |
| 22 |   | Decree, or as soon thereafter as is reasonably |
| 23 |   | practicable. |

24    IV. Prior to obtaining written notification of compliance
25 from FDA as specified in paragraph III(J) above, Defendants may
26 administer medications as prescribed to an ill food-producing
27 animal that they own, but only after the animal has been examined
28 by a licensed, professional veterinarian and that veterinarian

has diagnosed and prescribed the particular medication for that animal. Defendants shall submit copies of the veterinarian's diagnosis, prescription, and receipts for treatment or the equivalent to FDA within ten (10) calendar days after treatment.

V. Defendants shall maintain all records described in paragraph III for each animal for a period of at least two (2) years after the date the animal is sold, consigned, or delivered for slaughter. These records shall be made available immediately to FDA upon request for purposes of inspection and copying.

VI. Within twenty (20) calendar days after the entry of this Decree, Defendants shall: (a) provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to each and all of Defendants' agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them, and all persons to whom Defendants have sold, consigned, or delivered any cattle or calves for slaughter within one year preceding the date of entry of the Decree; and (b) explain the terms of the Decree to each employee.

VII. Within twenty (20) calendar days after the entry of this Decree, Defendants shall provide the Director, FDA San Francisco District Office, at the address set forth in paragraph XVI, and to Plaintiff's attorneys, an affidavit from a person with personal knowledge of the fact stated therein, stating the fact and manner of Defendants' compliance with paragraph VI and identifying the names and positions of all persons who were notified pursuant to paragraph VI.

VIII. After entry of the Decree, Defendants shall, within

fifteen (15) calendar days of employment of any new employee at Defendants' dairy operation: (a) provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to all such employees; and (b) explain the terms of the Decree to all such employees.

  IX. After Defendants receive written notification from FDA as specified in paragraph III(J) above, Defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them, are permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:

  A. Introducing and delivering for introduction into interstate commerce any article of food, within the meaning of 21 U.S.C. § 321(f), that is adulterated within the meaning of 21 U.S.C. §§ 342(a)(2)(C)(ii) or 342(a)(4);

  B. Administering to any food producing animal any article of drug, within the meaning of 21 U.S.C. § 321(g), unless such administration is in a manner that strictly conforms to such drug's labeled indications and conditions for use or is by or on the lawful written order of a licensed veterinarian within the context of a valid veterinarian-client-patient relationship and is in compliance with 21 C.F.R. Part 530;

  C. Doing any act with respect to any article of drug, within the meaning of 21 U.S.C. § 321(g), or new animal drug within the meaning of 21 U.S.C. § 321(v), if such

     act is done while such drug is held for sale after
     shipment in interstate commerce and results in such
     drug being adulterated within the meaning of 21 U.S.C.
     § 351(a)(5); and

  D. Failing to implement and continuously maintain the
     requirements of this Decree.

  X. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Defendants' dairy operations, including any new locations, and any facility or location at which Defendants hold or store drugs used to treat animals, including food producing animals, and to take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree. Such inspections may, at FDA's discretion, include the taking of photographs and samples and the examination and copying of all records that relate to the drug treatment and the holding, delivery, sale, consignment, or distribution of animals on the premises. Such inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. Such inspection authority granted by this Decree is apart from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

  XI. Defendants shall promptly provide any information or records to FDA regarding the sale, consignment, delivery, or medication of any animals upon request.

  XII. Defendants shall reimburse FDA for the costs of conducting and evaluating all inspectional, laboratory and analytical, and other work that FDA deems necessary to evaluate

Defendants' compliance with any part of this Decree at the standard rates prevailing at the time the activities are accomplished. As of the date of entry of this Decree, these rates are: $73.55 per hour and fraction thereof per representative for inspection and supervision work other than laboratory and analytical work; $88.15 per hour and fraction thereof per representative for laboratory and analytical work; 38.5 cents per mile for travel expenses; and reasonable subsistence expenses where necessary. In the event that the standard rates generally applicable to the FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

XIII. If any Defendant violates this Decree and is found in civil or criminal contempt thereof, that Defendant shall, in addition to other remedies, reimburse the Plaintiff for its attorneys' fees (including overhead), investigational expenses, expert witness fees, and court costs relating to such contempt proceedings.

XIV. If, based on the results of any inspection or analysis conducted after the inspection described in paragraph III(I), or any other information, FDA finds that any Defendant is not in compliance with the Act or the requirements of this Decree, FDA may notify Defendants in writing of the non-compliance and may require that Defendants immediately cease selling or delivering, or causing to be sold or delivered, animals for slaughter for use as food, and immediately cease medicating animals in a manner inconsistent with drugs' labeled indications and conditions for use or the lawful written orders of a licensed veterinarian

10

1  within the context of a valid veterinarian-client-patient
2  relationship and FDA's regulations set forth in 21 C.F.R. Part
3  530.  Upon receipt of such notification, Defendants shall
4  immediately and fully comply with the terms of the notice.  Any
5  cessation of operations as described above shall continue until
6  receipt by Defendants of written notification from FDA that
7  Defendants appear to be in compliance with the terms of this
8  Decree, the Act, and all applicable regulations.
9      XV.  Defendants shall notify FDA at least thirty (30)
10 calendar days before any change in ownership, name, or character
11 of the business that occurs after the entry of this Decree, such
12 as reorganization, relocation, assignment, or sale of the
13 business that may affect compliance obligations arising out of
14 this Decree.  Defendants shall serve a copy of this Decree on any
15 prospective successor or assignee at least thirty (30) calendar
16 days prior to such sale or change of business, and shall furnish
17 to FDA and to the Plaintiff's attorneys an affidavit of
18 compliance with this paragraph within fifteen (15) calendar days
19 of such sale or change of business.
20     XVI. All notifications, correspondence, and communications
21 to FDA required by the terms of this Decree shall be submitted to
22 the Director, San Francisco District Office, 1431 Harbor Bay
23 Parkway, Alameda, California 94502-7070.
24     XVII. All decisions specified in this Decree shall be vested
25 in the discretion of FDA and shall be final.  FDA's decisions
26 under this Decree shall be reviewed, if necessary, under the
27 arbitrary and capricious standard set forth in 5 U.S.C.
28 § 706(2)(A) and shall be based exclusively upon the written

record that was before FDA at the time of the decision.  No discovery may be had by either party.

    XVIII. No sooner than five (5) years after entry of this Decree, Defendants may petition this Court for an order dissolving this Decree.  If Defendants have maintained to FDA's satisfaction a state of continuous compliance with this Decree, the Act, and all applicable regulations during the five (5) years preceding Defendants' petition, Plaintiff will not oppose such petition.

    XIX. This Court retains jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

    IT IS SO ORDERED.

Date:  _July 13, 2005___

                              /s/ OLIVER W. WANGER

                              _____
                              UNITED STATES DISTRICT JUDGE

1  Entry Consented to:
2
   FOR DEFENDANTS                              FOR PLAINTIFF
3
                                               McGREGOR W. SCOTT
4  _____            United States Attorney

5  /s/ Carl M. Sousa
   (signature on file)                By:  /s/ Kirk E. Sherriff
6  CARL M. SOUSA                           KIRK E. SHERRIFF
   on behalf of defendant                  Assistant U.S. Attorney
7  WHITE RIVER DAIRY

8          _____            Of Counsel:
                                               ALEX M. AZAR II
9                                              General Counsel

10 /s/ Carl M. Sousa
   (signature on file)
11 CARL M. SOUSA,                              SHELDON BRADSHAW
   in his individual capacity                  Chief Counsel
12                                             Food and Drug Division

13                                             ERIC M. BLUMBERG
   Approved as to form:                        Deputy Chief Counsel for
14                                             Litigation
   KAHN, SOARES & CONWAY, LLP                  MICHELE LEE SVONKIN
15                                             Trial Attorney
                                               U.S. Dept. of Health &
16 /s/ John V. Ohnstad, Jr.                    Human Services
   (signature on file)                         Office of the General
17 JOHN V. OHNSTAD, JR.                        Counsel
                                               5600 Fishers Lane
18 Attorneys for defendants                    Rockville, MD 20857
   CARL M. SOUSA and                           (301) 827-2803
19 WHITE RIVER DAIRY
20
21
22
23
24
25
26
27
28

13